IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 19, 2003

## GREGORY A. HEDGES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Greene County**
**No. 02-CR-166     James E. Beckner, Judge**

-------

**No. E2002-02610-CCA-R3-PC**
**October 24, 2003**

-------

The petitioner filed a petition for writ of error *coram nobis* claiming a due process violation in that the State failed to disclose a plea agreement with a material witness. We conclude the issues raised by the petitioner have been previously determined and are time barred. We further conclude the facts of this case do not justify tolling of the statute of limitations. We affirm the trial court's dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Gregory A. Hedges, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; and C. Berkeley Bell, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Procedural History

The petitioner, Gregory Hedges, was convicted along with two co-defendants in 1985 of seven offenses arising from an aggravated kidnapping and aggravated robbery. The petitioner received a sentence of 96 years. The convictions and sentences were affirmed by this Court on direct appeal. State v. Gregory A. Hedges, Thomas D. Carter, and Timothy Bickers, No. 252 , 1987 Tenn. Crim. App. LEXIS 2217 (Tenn. Crim. App., at Knoxville, April 15, 1987), perm. to appeal denied (Tenn. Sept. 14, 1987). The petitioner later filed a post-conviction petition which was denied by the trial court. On appeal, the petitioner's conviction for grand larceny was vacated by this Court and all other grounds for which relief was sough were denied. Gregory Hedges v. State, No. 03C01-9112-CR-00379, 1993 Tenn. Crim. App. LEXIS 164 (Tenn. Crim. App., at Knoxville, Mar. 10, 1993), perm. to appeal denied (Tenn. July 12, 1993). The petitioner and his co-defendants on March

26, 1997, filed motions to reopen their post-conviction petitions accompanied by petitions for writs of error *coram nobis* alleging violation of their due process rights by the State's failure to disclose a plea agreement with accomplice, Janie Riddle, the State's primary witness. The trial court reopened the petitions but summarily dismissed the petitions without an evidentiary hearing finding that the petitions were barred by the statute of limitations and that the grounds for relief were waived. On appeal, a panel of this Court concluded that the trial court erred in granting the motions to reopen, but affirmed the dismissal of the petitions. Timothy Bickers, Thomas Carter, and Gregory Hedges v. State, No. 03C01-9706-CR-00218, 1998 Tenn. Crim. App. LEXIS 998 (Tenn. Crim. App., at Knoxville, Sept. 25, 1998), perm. to appeal denied (Tenn. Mar. 8, 1999).

On September 12, 2002, the petitioner filed a petition for writ of error *coram nobis* claiming the State's failure to disclose the plea agreement with key witness, Janie Riddle, was a violation of his due process rights under authority of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed. 2d 215 (1963).

The trial court on September 26, 2002, dismissed the petition finding that the statute of limitations had expired on both the petition for writ of error *coram nobis* and for post-conviction relief and that the issues presented had been previously determined.

**Analysis**

The issue of the State's failure to disclose a plea agreement with the petitioner's accomplice, Riddle, was previously raised in the petition to reopen post-conviction proceedings filed March 26, 1997. The instant petition for writ of error *coram nobis* attempts to circumvent the statute of limitations barring such relief by arguing that due process requires tolling of the statute of limitations. The petitioner's original complaint is that the State's failure to disclose the plea agreement with Riddle was a violation of his due process rights under Brady v. Maryland, 373 U.S. 83 (1963).

Although the petitioner admits discovery of the alleged failure to disclose in 1996, he argues that the statute of limitation should be tolled under the authority of Workman v. State, 41 S.W.3d 100 (Tenn. 2001), and State v. Ratliff, 71 S.W.3c 291 (Tenn. Crim. App. 2001).

The petition for writ of error *coram nobis* is barred by the statute of limitations if it is not tolled. The appropriate period for filing is one year after the judgment becomes final in the trial court or, if a post-trial motion is filed, one year from entry of an order disposing of the post-trial motion. Tenn. Code Ann. § 27-7-204; State v. Mixon, 983 S.W.2d 661, 671 (Tenn. 1999).

Workman was a capital case that recognized due process outweighed the interest of prevention of stale claims when newly discovered evidence might establish actual innocence. Ratliff also allowed tolling of the statute of limitations on due process grounds. The facts therein involved a complete recantation of the victim's prior testimony, the crux of the State's prosecution. In contrast to these cases, the petitioner does not, and never has denied participation in the offenses for

which he was convicted. We conclude that the statute of limitations for writ of error *coram nobis* relief is not tolled in this cause and, therefore is a bar to the relief sought.

In considering the claim advanced by the petitioner and co-defendants in their March 26, 1997 filing, seeking to reopen the previous post-conviction petitions, the trial court found that the ground for relief (failure to disclose plea agreement) was easily discoverable, if not known to the petitioners, prior to their first post-conviction petition and was waived on appeal. A panel of this Court concluded that the trial court erred in reopening the petition but did not address the merits of the claim. Timothy Bickers, Thomas Carter, and Gregory Hedges v. State, No. 03C01-9706-CR-00218, 1998 Tenn. Crim. App. LEXIS 998 (Tenn. Crim. App., at Knoxville, Sept. 25, 1998) perm. to appeal denied (Tenn. Mar. 8, 1999). We conclude the issue now raised by the petitioner has been previously determined.

In addition, we note that this Court has previously held that Brady violations, as well as constitutional violations, are not appropriate for *coram nobis* proceedings. See Hershell Lee Kinnaird v. State, No. M2000-00037-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 596 (Tenn. Crim. App. Aug. 7, 2001, at Nashville), perm. to appeal denied (Tenn. Dec. 31, 2001).

## Conclusion

We conclude that the issue presented by the petitioner has been predetermined and as an alleged constitutional violation, is not appropriate for *coram nobis* relief. In addition, the facts of this cause do not justify a tolling of the statute of limitations barring the relief sought in the petition for writ of error *coram nobis*.

_____
JOHN EVERETT WILLIAMS, JUDGE

-3-